UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AULBREY FORBES, on his own behalf and
others similarly situated,

    Plaintiff,

v.

FAST FIX 123, LLC, a Florida limited liability
company,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, AULBREY FORBES (hereinafter referred to as "Plaintiff"), was an employee of Defendant, FAST FIX 123, LLC, a Florida limited liability company, and brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff, AULBREY FORBERS ("Plaintiff"), was an employee of Defendant, FAST FIX 123, LLC, and performed his duties as a non-exempt, hourly paid, Technical Support person with Defendant in Boynton Beach, Palm Beach County, Florida, which is within the jurisdiction of this Court.

3. Defendant, FAST FIX 123, LLC, is a Florida limited liability company with its principal place of business in Boynton Beach, Palm Beach County, Florida.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

5. At all times pertinent to this Complaint, Defendant, FAST FIX 123, LLC, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

6. At all times material to this Complaint, Defendant, FAST FIX 123, LLC, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of FAST FIX 123, LLC was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, Defendant, FAST FIX 123, LLC, was an enterprise engaged in commerce or in the production of goods for commerce as defined §§ 3(r) and 3(s) of the Act.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

10. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

11. During Plaintiff's employment, he performed Technical Support work for Defendant.

12. In one or more work weeks during his employment, Plaintiff and other similarly situated employees worked overtime hours, but Defendant failed to pay them overtime compensation for all of their hours worked because Defendant shorted the hours they actually worked by: (a) deducting thirty (30) minutes from their time worked for a lunch break, although they did not regularly take such bona fide meal breaks; and (b) only compensating them for the hours they were scheduled to work, instead of the hours they actually worked.

13. The additional persons who may become Plaintiffs in this action are Defendant's hourly-paid employees, who were not paid for all of their overtime hours worked on or after March 2011 because Defendant deducted a lunch break from their time worked, although such bona fide meal breaks were not regularly taken; and/or paid them only for their scheduled hours although they frequently worked beyond their scheduled hours.

14. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendant for which no provisions were made by the Defendant to properly pay them for all of their hours worked in excess of forty (40) within a work week.

15. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

16. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

17. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 17 above.

19. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

20. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

21. As a result of Defendant's willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, AULBREY FORBES, and other similarly situated employees, demand judgment against Defendant, FAST FIX 123, LLC, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: March 11, 2013
Boca Raton, Florida

Respectfully submitted,

CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Fast Fix 123, LLC , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

_Aulbrey Forbes_
Print Name